IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLEN FEINGOLD,
    Plaintiff,

v.                             CIVIL ACTION NO. 19-CV-0291

BROOKS, BRADLEY, & KENNY, *et al.*,
    Defendants.

## MEMORANDUM

TUCKER, J.                                                                             JANUARY 30, 2019

Allen Feingold, a disbarred lawyer with a history of filing frivolous actions,[1] filed a Motion to Proceed *In Forma Pauperis* and a *pro se* Complaint against (1) Brooks, Bradley & Kenny; (2) Brooks, Bradley & Doyle; (3) Daniel Doyle; (4) Allstate Insurance Company (Allstate); and (5) Michael Raith. He brings a bad faith claim assigned to him by a former client, Kristina Edwards.[2] For the following reasons, the Court will grant Feingold leave to proceed *in forma pauperis* and dismiss the Complaint.

### I. FACTS

In May of 2000, Edwards was injured in a collision while she was a passenger in a vehicle owned by Michael Fadgen, driven by Jennifer Fadgen, and insured by Allstate. Edwards filed suit in state court in Philadelphia "against all parties involved in the collision and/or liable for the losses and damages" she suffered. (Compl. at 8.)[3] Feingold initially represented Edwards

---

[1] *See, e.g., Feingold v. Liberty Mut. Grp.*, No. CIV.A. 13-743, 2013 WL 1733056, at *1 (E.D. Pa. Apr. 22, 2013).

[2] The Pennsylvania Supreme Court has held that bad faith claims may be assigned. *Allstate Prop. & Cas. Ins. Co. v. Wolfe*, 105 A.3d 1181, 1188 (Pa. 2014).

[3] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

in connection with her lawsuit.[4] The Complaint alleges that the Fadgens were served and that they sent a copy of Edwards' complaint to Allstate, which "failed to timely or properly represent their insured, but plaintiff [presumably a reference to Edwards or Feingold as Edwards' attorney] entered into various agreements with the Allstate representatives, that they breeched [sic] and violated to the great detriment and loss in time and costs." (*Id.*)

Edwards settled her claims against the driver of the other car and the insurer of that vehicle. However, Allstate did not settle and instead filed a petition to appoint a third-party arbitrator. Allstate also allegedly refused to provide Edwards or Feingold with a verified copy of the relevant insurance policy. The Complaint alleges that Allstate and the other Defendants, including Raith, who appears to have been an arbitrator, conspired to "injure Edward's [sic] claims" and prevent her from recovering. (*Id.*) Specifically, Feingold alleges that the Defendants

> lied about the requirements of the [Allstate] policy which was upheld by Arbitrator, Raith, who refused to follow the law, case law or the Allstate Insurance Policy which led to the UIM Arbitration never proceeding and the liability case being dismissed, since it was being delayed until the UIM Arbitration took place, but it never did because the Defendants, including Arbitrator, Raith committed numerous improprieties under the Insurance Policy and the law, as did the Defendant, Doyle, the representatives of the Defendant, Allstate who lied and committed fraud that cost Edwards to not have her UIM Arbitration or an opportunity to try her liability case, to her great loss and detriment.

(*Id.* at 8, ¶ 29.)

A review of state court dockets reflects an arbitration appeal filed by Feingold on behalf of Edwards on April 19, 2002. *Edwards v. Guinta*, Case ID 020403084 (Phila. Ct. of Common

---

[4] Feingold was disbarred in 2008. *Feingold v. Office of Disciplinary Counsel*, 415 F. App'x 429, 430 (3d Cir. 2011).

2

Pleas). Feingold withdrew his appearance for Edwards in 2006. On November 19, 2010, the state court entered a judgment of non pros after having received no response to two notices sent in June and August of that year asking for the status of the case.

Edwards moved to reopen the judgment and the state court held the motion under advisement pending the scheduling and completion of a UIM arbitration. The docket reflects the state court's warning that, if the arbitration was not accomplished, the case could remain non prossed for failure to go forward. On August 2, 2011, the state court denied Edwards' petition to open the judgment of non pros based on her failure to comply with the order requiring arbitration. Edwards appealed and the Pennsylvania Superior Court affirmed the judgment. Edwards' petition to appeal to the Pennsylvania Supreme Court was denied in 2013.

On January 22, 2019, Feingold filed the instant civil action after Edwards assigned her claims to him. Feingold seeks redress "for fees, costs, time, effort and monies expended and owed to [Feingold] by Kristina Edwards" as well as for "recovery against the defendants for breech [sic] of various agreements, contracts, laws and understandings between Kristina Edwards and the defendants." (*Id.* at 5.) The Complaint asserts one count for bad faith, pursuant to 42 Pa. Cons. Stat. § 8371 based on allegations that the Defendants acted in bad faith in various respects by adversely affecting Edwards' ability to recover on her claims. Feingold seeks damages in excess of $150,000.

## II. STANDARD OF REVIEW

The Court will grant Feingold leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees necessary to commence this action. Accordingly, the Court must screen the Complaint and dismiss it if, among other things, it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under §

3

1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the pleading. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## III. DISCUSSION[5]

Here, it is apparent from public dockets that Feingold's claims are time-barred. Bad faith claims under § 8371 are subject to a two-year statute of limitations. *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 885 (Pa. 2007) ("[W]e conclude the Superior Court properly determined an action under § 8371 is a statutorily-created tort action and we therefore hold such an action is subject to the two-year statute of limitations under 42 Pa.C.S. § 5524."). "Generally, for purposes of applying the statute of limitations, a claim accrues when the plaintiff is injured." *See Rancosky v. Washington Nat. Ins. Co.*, 130 A.3d 79, 99 (Pa. Super. Ct. 2015), *aff'd and remanded sub nom*, 170 A.3d 364 (Pa. 2017). "In the context of an insurance claim, a continuing or repeated denial

---

[5] Feingold invokes this Court's diversity jurisdiction based on his allegations that he is a citizen of Florida and that none of the Defendants are citizens of Florida. *See* 28 U.S.C. § 1332(a). Federal courts sitting in diversity apply the substantive law of the state whose law governs the action, which in this case is Pennsylvania. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

4

of coverage is merely a continuation of the injury caused by the initial denial, and does not constitute a new injury that triggers the beginning of a new limitations period." *Id.* However, "[w]hen a plaintiff alleges a subsequent and separately actionable instance of bad faith, distinct from and unrelated to the initial denial of coverage, a new limitations period begins to run from the later act of bad faith." *Id.*

The factual basis for Feingold's claims are the Defendants' refusal to settle or pay Edwards' claim, culminating in their actions that allegedly caused the dismissal of Edwards' case. (Compl. at 8, ¶ 29 (indicating that the Defendants "lied and committed fraud that cost Edwards to not have her UIM Arbitration or an opportunity to try her liability case, to her great loss and detriment").) Edwards' case was dismissed in 2011, when the state court declined to reopen the judgment of non pros as a result of the failure to schedule and complete the arbitration. Accordingly, any bad faith claims related to conduct that deprived Edwards of the opportunity to arbitrate or litigate her claims accrued in 2011 when Edwards' case was dismissed. As Feingold filed this lawsuit on January 22, 2019, his bad faith claims are clearly untimely.[6] Feingold may not save his claims by baldly alleging that the events underlying his claims "have taken place and continued over a period of years up to the present day," as he has not alleged any facts suggesting a basis for claims within the limitations period. (Compl. at 7.)

---

[6] Within his bad faith claim, Feingold alleges that the Defendants' bad faith is in part exhibited by their violations of Pennsylvania's Unfair Insurance Practice Act and the Unfair Trade Practice and Consumer Protection Law. To the extent the Complaint can be construed to raise independent claims under those statutes, those claims also fail. *See Leo v. State Farm Mut. Auto. Ins. Co.*, 908 F. Supp. 254, 256 (E.D. Pa. 1995) ("[O]nly the Pennsylvania Insurance Commissioner may enforce the UIPA directly"); *see also Gabriel v. O'Hara*, 534 A.2d 488, 496 (Pa. Super. Ct. 1987) ("[T]he UTPCPL is governed by a six-year statute of limitations.").

5

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Feingold's Complaint Feingold will not be permitted to file an amended complaint because he cannot cure the defect in his claim. An appropriate Order follows.

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**